JACOB CLINES *v.* ROSWELL R. FRISBEE, Captain and Owner of the Steamer John H. Bills.

The owner of a steamer, as a common carrier, is responsible for property received on his boat, and lost by his fault.

Interest is due, from judicial demand, on an amount recovered as damages for property lost by a common carrier. The sum claimed arises out of a contract, though the amount due was unliquidated.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*C. M. Jones,* for the plaintiff.

*A. Hennen,* for the appellant.

BULLARD, J. The plaintiff seeks to recover of the defendant, as captain and part owner of a steamboat, the value of several horses, which he alleges the defendant undertook to convey from Portland in Kentucky, to Grand Gulf, but which were drowned by the fault of the defendant. There was judgment for the plaintiff, and the defendant has appealed.

It appears that the horses were put on board the hulk of an old steamboat called the Buffalo, which was lashed along side of, and towed by the boat commanded by the defendant. That some of the stanchions which supported the cabin of the Buffalo, had been cut away, and that the accident happened in consequence of taking on board so large a quantity of corn in sacks, as to crush the cabin, and thereby kill a number of horses which were on the deck beneath. Two stanchions near the bow, and two near the stern, had been cut away before going over the falls of the Ohio. When the corn was being put in the cabin of the Buffalo, the mate was notified, that the cabin was about giving way, and he replied, that the carpenter would put props under it. Nothing, however, was done.

The evidence satisfied the court, that the loss of the horses was occasioned by the fault of the defendant, and we cannot say it erred.

But it is contended by the defendant, that the court erred, in not allowing for the freight of the horses. The defendant was

entitled to be paid the freight of such of his horses as were de-livered safe at Grand Gulf; but it is not shown, that it was not allowed in the judgment, which is for $598, and the Judge does not state by what calculation he reached that result. The evidence would justify a judgment for that amount, after deducting the freight for the horses and carriage, delivered according to the contract.

It is next contended, that the plaintiff is not entitled to interest from the rendition of the judgment, and that, in this respect, it is erroneous. The sum claimed arises out of a contract, and although the amount was not liquidated, interest was due from judicial demand; and the defendant cannot complain, that it has been allowed only from judgment rendered.